FILED
August 15, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002026705

```
 1  DANIEL S. WEISS (State Bar No. 91930)
    LAW OFFICES OF DANIEL S. WEISS
 2  2277 Fair Oaks Blvd., Suite 495
    Sacramento, California 95825
 3  Telephone:  (916) 569-1610
    FAX No.:    (916) 569-1612
 4

 5  Attorney for Creditor
    LARWRENCE KAHN
 6
```

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re: | Case No. 09-35610-A-7 |
| NATALIE ELAINE PIERCE, | DCN: DSW-001 |
| Debtor. | |
| LAWRENCE KAHN, | [11 USC §362 and BR 4001] |
| | LBR 4001-1 & 9014-1(f)(2) |
| Movant, | |
| v. | DATE: August 31, 2009 |
| | TIME: 9:00 a.m. |
| NATALIE ELAINE PIERCE, | DEPT: A |
| | 501 – I Street, |
| Respondent. | Sacramento, California |
| | Courtroom 28 – 7th Floor |

MOTION TO CONFIRM LACK OF AUTOMATIC STAY, OR,
IN THE ALTENATIVE, FOR RELIEF FROM AUTOMATIC STAY

NOW COMES LARRY KAHN, ("Movant") in the above entitled matter, by his attorney, Daniel S. Weiss, and, in support of its Motion to Confirm Lack of Automatic Stay, or, in the alternative, for Relief from the Automatic Stay of Section 362 of the

1

Bankruptcy Code, represents unto the Court as follows:

1. This Court has jurisdiction over this proceeding pursuant to 11 USC Section 362 and 28 USC Section 157, and this is a core proceeding within the definition of 28 USC Section 157(b).

2. Debtor is the owner of real property situated at 972 Dunstone Drive, Oroville, California 95966.

3. Movant is the holder of a deed of trust against the above-described real property.

4. On April 15, 2009, Debtor filed a Chapter 13 petition in Case No. 09-21706-13-D-13L.

5. On May 8, 2008, Movant had filed a Motion for Relief from Automatic Stay. The Court is hereby requested to take judicial notice of the Motion, the Declaration of Lawrence Kahn in support of the Motion (including the description of the property and deed of trust which are the subjects of the Motion), and the Movant's Information Sheet in support of the Motion. This Motion was scheduled to be heard on June 9, 2009.

6. That Chapter 13 case was dismissed on May 28, 2009, due to the debtor's failure to file information required by the Bankruptcy Code, including a certificate of credit counseling, Schedules A-J, Statement of Financial Affairs, Statistical Summary, Summary of Schedules, Form 22C and Chapter 13 Plan.

7. On June 11, 2009, Movant's Motion for Relief from Stay was denied as being moot, due to the dismissal of the Chapter 13 case.

8. On June 5, 2009, Debtor filed a Chapter 7 Petition in

2

Case No. 09-31434-A-7.

9. On June 9, 2009, Movant filed another Motion for Relief from the Automatic Stay, which was scheduled to be heard on July 6, 2009. The Court is hereby requested to take judicial notice of the Motion, the Declaration of Lawrence Kahn in support of the Motion, and the Movant's Information Sheet in support of the Motion.

10. On July 8, 2009, the Court dismissed the Movant's Motion for Relief from Stay, without prejudice, because a separate proof of service had not been filed.

11. From the Movant's previous Motions for Relief from Stay, judicial notice whereof is requested, it is clear that there is no equity in Debtor's real property and that the Movant is not adequately protected.

11. As in the prior Chapter 13 case, the Debtor again failed to file required documents, and, on July 27, 2009, a Minute Order was entered, confirming that this Chapter 7 case had been previously dismissed on July 21, 2009, pursuant to 11 USC Section 521(i).

12. On July 27, 2009, Debtor, NATALIE ELAINE PIERCE, filed this Chapter 7 case.

13. Michael D. Dacquisto has been appointed as the interim Chapter 7 Trustee, and the Section 341 Meeting of Creditors is now scheduled to occur on September 23, 2009, at 8:00 a.m.

14. Pursuant to 11 USC Section 362(c)(3)(C) and (II)(a), the pending Chapter 7 case is presumptively filed not in good faith as

3

to all creditors, (I) since more than 1 previous under any of chapters 7, 11 and 13 in which the individual was a debtor was pending within the preceding 1-year period, and (II) a previous case under any of chapters 7, 11 and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to (aa) file or amend the petition or other documents required by this title or the court without substantial excuse.

15. Pursuant to 11 USC Section 362(c)(4)(A)(i) and (ii), if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismiss … the stay shall not go into effect upon the filing of the later case; and (iii) on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect.

16. The circumstances defined in the Bankruptcy Code sections cited in the preceding paragraphs 14 and 15 of this Motion pertain and apply directly to this case.

WHEREFORE, Movant moves this Court to enter an order decreeing that no stay is in effect in this case; or, in addition thereto, or in the alternative, that the Court terminate the automatic stay, if any exists, as to Movant and permit him to conclude his foreclosure sale against, and obtain possession of, the debtors real property above described;

Movant further prays that the provisions of the Federal Rules

```
 1 | of Bankruptcy Procedure Rule 4001(a)(3) be waived; and
 2 |
 3 |        Movant further prays that he be granted such further and
   | other relief as the Court deems just and proper.
 4 |
 5 | Dated:  August 14, 2008            LAW OFFICES OF DANIEL S. WEISS
   |                                    Attorney for STEPHEN CRAIG GARICA
 6 |
 7 |
   |                                    By:     /s/Daniel S. Weiss
 8 |
```